BILLY J. WILLIAMS, OSB #901366
United States Attorney
District of Oregon
**NATALIE K. WIGHT, OSB #035576**
natalie.wight@usdoj.gov
Assistant United States Attorneys
1000 SW Third Avenue, Suite 600
Portland, Oregon  97204-2902
Telephone:  (503) 727-1000
Attorneys for United States of America

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA** | 3:17-cr-00463-JO |
| v. | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| **FONG LEE,** | |
| Defendant. | |

The United States submits the following sentencing memorandum for the Court's consideration.  Defendant pled guilty to one count of possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2).  The government and defendant jointly recommend a 41-month prison sentence followed by a 20-year term of supervised release.

## FACTUAL BACKGROUND

The government concurs with the summary of facts in the Presentence Report (PSR) and recommends the Court use the fact summary as a basis for sentencing defendant.

On or about December 5, 2017, in the District of Oregon, law enforcement had contact with Defendant as part of regular surveillance at the Portland Amtrak station. Defendant voluntarily consented to allow officers to search his bags, which contained a substantial amount of currency and several digital devices. Defendant also gave consent to allow law enforcement to search the digital devices. He told the officers that they would find child pornography, which they did. Defendant admitted to downloading child pornography and that he knew it was illegal, but also expressed an unapologetic ignorance regarding the international differences regarding adult sexual activity with minors. PSR ¶¶ 24-27. Defendant was subsequently arrested and voluntarily began participation in sex offender and mental health treatment.

Defendant waived indictment, and on May 28, 2020, he pled guilty to a one-count Information charging possession of child pornography, in violation of 18 U.S.C. §§ 2252A (a)(5)(B). The maximum penalty for a violation of 18 U.S.C. § 2252A(a)(5)(B) is 10 years of imprisonment, a fine up to $250,000, a term of supervised release from five years to life, and a mandatory fee assessment of $100.

**SENTENCING CONSIDERATIONS**

I.  **Legal Standard**

Although the sentencing guidelines are no longer binding, *United States v. Booker*, 543 U.S. 220 (2005), they still serve as the "starting point" and "initial benchmark" in every sentencing. *Peugh v. United States*, 133 S. Ct. 2072, 2080 (2013). The guidelines are a statutory factor that sentencing courts must consider when imposing a sentence, 18 U.S.C. § 3553(a)(4), and "reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives." *United States v. Rita*, 551 U.S. 338, 350 (2007). The guidelines serve as a "lodestar" at sentencing and "anchor" the Court's discretion. *Peugh,* 133 S. Ct. at 2083-84.

The remaining statutory considerations include the defendant's history and characteristics, the nature and seriousness of the offense, the need to provide just punishment and adequate deterrence, the need to promote respect for the law, and the need to protect the public from further crimes committed by the defendant. 18 U.S.C. § 3553(a)(1)-(2). Other factors include "the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct," 18 U.S.C. § 3553(a)(6); and, where applicable, the need to provide restitution to any victims of the offense, 18 U.S.C. § 3553(a)(7). *See also Rita*, 551 U.S. at 347-48.

In *United States v. Carty*, 520 F.3d 984 (9th Cir. 2008), the Ninth Circuit, sitting *en banc*, summarized the procedures a sentencing court must follow. The Court must first correctly determine the applicable sentencing guideline range. *Id.* at 991. The Court must also allow the parties to "argue for a sentence they believe is appropriate," and "consider the § 3553(a) factors to decide if they support the sentence suggested by the parties." *Id*. The Court may not presume the guidelines are reasonable, and should not give them more or less weight than any other factor. *Id*. The Court "must make an individualized determination based on the facts," and explain its sentence "sufficiently to permit meaningful appellate review." *Id*. at 991-92.

## II. Guidelines Application

### A. Guidelines Calculation Summary

| | |
|---|---:|
| Base Offense Level | 18 |
| Use of computer | +2 |
| Images of prepubescent minors | +2 |
| More than 600 images | +5 |
| Material involving infants/toddler | +4 |
| Adjustment - Acceptance of Responsibility | -3 |
| § 3553 factors | -4 |
| | |
| Adjusted Offense Level | 24 |
| Criminal History Category | I |
| **Adjusted Guidelines Range:** | **51 - 63 months** |

## B. Sentencing Recommendation

The government concurs with the guidelines computation as calculated in the PSR, but the government recommends that an additional 4 level downward variance pursuant to 18 U.S.C. § 3553 is appropriate in this case. This is an unusual case that began in 2017, where Defendant was fully cooperative with law enforcement and allowed a voluntary consent search of his digital devices. When child pornography was located on the digital media, Defendant did not deny that he had had been carrying child pornography with him in his belongings. Although it was apparent Defendant had an obsession with child pornography, he was also fixated on understanding the international differences and levels of stigma associated with adolescent sexual conduct.

Defendant has some mental health issues and, since the arrest, he has participated in numerous sex offender and mental health treatment sessions. Although Defendant had a major lapse that resulted in him absconding and returning to his family in California, since his return, some progress has been made. Defendant now understands that the children in the explicit photographs are victims of rape and abuse, and his conduct must be punished. While the parties agree that a 41-month jointly recommended sentence is appropriate, we also agree that one of the most important elements of the Court's sentence is an extended 20-year term of supervision.

Defendant still has more work to do with his counseling and therapy and we expect he will voluntarily participate in rehabilitative programming during his incarceration. The parties also support the standard and special conditions recommended by U.S. probation that will help support Defendant, and protect the community, once Defendant begins his term of supervised release.

A recommended sentence of 41 months is sufficient, but not greater than necessary, to comply with all the factors set forth in 18 U.S.C. § 3553(a), to include, *inter alia*, defendant's history and characteristics, the nature and seriousness of the offense, the need to provide just punishment and adequate deterrence, the need to promote respect for the law, and the need to protect the public from further crimes committed by the defendant.

## CONCLUSION

Therefore, the government jointly recommends a sentence of 41 months of imprisonment, followed by a 20-year term of supervised release. The parties have also agreed to a total restitution amount of $3000. The government will provide a separate list to the Court of the victims and individual payment amounts.

Dated:  August 5, 2020.                Respectfully submitted,

BILLY J. WILLIAMS
United States Attorney
*/s/ Natalie K. Wight*
**NATALIE K. WIGHT, OSB #035576**
Assistant United States Attorney